UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JONATHAN S. ESTRADA ZAPATA,

          Petitioner,

v.

TODD LYONS, et al.,

          Respondents.

Civil Action No. 25-17669 (MAS)

**ORDER**

This matter comes before the Court upon review of the parties' filings. The Government contends in its answer that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(1). This Court has held that an alien who is paroled after initial capture will remain subject to detention under that statute once his parole ends. *See Faqirzada v. Soto*, No. 25-166639 at ECF No. 21 (D.N.J. Jan. 8, 2026). Other courts, however, have held that the statute will not apply where an alien is released outright without being formally subject to the strictures of humanitarian parole. *See, e.g.*, *Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628 (D.N.J. Dec. 3, 2025). Because the legitimacy of Petitioner's detention under § 1225(b)(1) depends on whether he was paroled or released after his initial contact with the Government, the Court finds good cause to require the Government to provide documentary evidence establishing that Petitioner was paroled. Based upon the foregoing,

**IT IS** on this 20th day of January, 2026, **ORDERED** that:

1. Within seven (7) days, the Government must provide documentary evidence establishing that Petitioner was paroled.

2. To the extent Petitioner was instead released or no such documentary evidence exists, the Government shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten days.

3. The Government shall not transfer Petitioner out of his current detention facility until this matter has been concluded or a bond hearing has been conducted.

_____
**Michael A. Shipp**
**United States District Judge**